742 N.W.2d 686 (2007)
In re DEATH INVESTIGATION OF Jeffrey Alan SKJERVOLD
Ross E. Arneson, in his capacity as Blue Earth County Attorney, petitioner, Respondent,
v.
Daniel Edward Nienaber, et al., Appellants.
No. A07-678.
Court of Appeals of Minnesota.
December 24, 2007.
*687 Mark R. Anfinson, Minneapolis, MN, for appellants Daniel Edward Nienaber, et al.
Ross E. Arneson, Blue Earth County Attorney, Patrick R. McDermott, Susan B. DeVos, Assistant County Attorneys, Mankato, MN, for respondent Ross E. Arneson.
John P. Borger, Faegre & Benson, L.L.P., Minneapolis, MN; and Lucy A. Dalglish, Arlington, VA, for amici curiae Minnesota Broadcasters, Minnesota Joint Media Committee, Minnesota Newspaper Association, Reporters Committee for Freedom of the Press, Star Tribune Company.
Considered and decided by DIETZEN, Presiding Judge; WRIGHT, Judge; and HUSPENI, Judge.[*]

OPINION
DIETZEN, Judge.
Appellants challenge the district court order and resulting judgment compelling them to divulge information regarding the investigation into the death of Jeffrey Skjervold, arguing that the district court erred in concluding that respondent had met the criteria for disclosure under Minn. Stat. § 595.024, subd. 2 (2006). Because we conclude that the district court erred in applying the law, we reverse.

FACTS
In December 2006, Jeffrey Skjervold was involved in a domestic dispute at his home in rural Blue Earth County. Law enforcement was called, a stand-off ensued, and Skjervold barricaded himself in his home. During the stand-off, Skjervold shot and injured two law enforcement officers; and he was shot and injured by a law enforcement officer.
*688 Law enforcement negotiators contacted Skjervold by telephone in an attempt to peacefully resolve the stand-off. The negotiators learned that Skjervold was upset because appellant Daniel Nienaber, a reporter from the Free Press, a Mankato daily newspaper, had contacted him during the stand-off. Bureau of Criminal Apprehension (BCA) agent Robert Nance talked with appellant Joe Spear, editor of the Free Press, and requested that the newspaper abandon its efforts to contact Skjervold. Eventually Spear agreed to abandon further efforts to contact Skjervold. Skjervold later took his own life.
The next day, the Free Press published an article by appellants Daniel Nienaber and Nicholas Hanson that contained information obtained by Nienaber during his conversation with Skjervold. Shortly thereafter, respondent Blue Earth County Attorney served appellants with an application under Minn.Stat. § 595.024 (2006), requesting that the district court issue subpoenas to compel disclosure of the contents of the conversation with Skjervold. The application included an affidavit from Micheal Anderson, a special agent with the BCA.
Following a hearing, the district court granted the application, over appellants' objection, concluding that all of the criteria set forth in Minn.Stat. § 595.024, subd. 2, had been met. This appeal follows.

ISSUE
Did the district court err in concluding that respondent satisfied the criteria for disclosure under Minn.Stat. § 595.024, subd. 2 (2006)?

ANALYSIS
Appellants argue that the district court erred in its interpretation of the statute and in concluding that respondent had satisfied the criteria in Minn.Stat. § 595.024, subd. 2 (2006). Statutory construction is a question of law, which we review de novo. Brookfield Trade Ctr., Inc. v. County of Ramsey, 584 N.W.2d 390, 393 (Minn.1998). When interpreting a statute, our purpose is to determine the intent of the legislature. State v. Larivee, 656 N.W.2d 226, 229 (Minn.2003). Further, "[e]very law shall be construed, if possible, to give effect to all its provisions." Minn.Stat. § 645.16 (2006). We review a district court's conclusions of law de novo. Modrow v. JP Foodservice, Inc., 656 N.W.2d 389, 393 (Minn.2003). Findings of fact of the district court are not set aside unless clearly erroneous, and we give due regard to the opportunity of the district court to judge the credibility of the witnesses. See Minn. R. Civ. P. 52.01.
The Minnesota Free Flow of Information Act, Minn.Stat. §§ 595.021-595.025 (2006), confers upon the press "the benefit of a substantial privilege not to reveal sources of information or to disclose unpublished information" except as set forth in applicable provisions of the statute, so as "to insure and perpetuate, consistent with the public interest, the confidential relationship between the news media and its sources." Minn.Stat. § 595.022. Minn. Stat. § 595.024 sets forth the procedure for applying to the district court to seek disclosure of unpublished information from the news media. Subdivision 2 provides that the application shall be granted only if the court determines, after hearing from the parties, that the applicant has met three conditions, or criteria, by clear and convincing evidence. Minn.Stat. § 595.024, subd. 2. Those criteria are
(1) that there is probable cause to believe that the specific information sought (i) is clearly relevant to a gross misdemeanor or felony, or (ii) is clearly relevant to a misdemeanor so long as the information would not tend to identify the source of the information or the means through which it was obtained,

*689 (2) that the information cannot be obtained by alternative means or remedies less destructive of first amendment rights, and (3) that there is a compelling and overriding interest requiring the disclosure of the information where the disclosure is necessary to prevent injustice.
Id.
Initially, appellants argue that the district court erred in not dismissing the application prior to the hearing on the ground that respondent failed to make a showing of probable cause under the statute. We disagree.
The statute does not require that the district court make a preliminary evaluation of the merits or consider dismissing the application sua sponte. Appellants concede that they did not bring a motion to dismiss. See Minn. R. Civ. P. 12.02. Thus, appellants' argument lacks merit. We turn to an examination of each criterion under the statute.
First, the statute requires that the information sought is "clearly relevant to a gross misdemeanor or felony." Minn.Stat. § 595.024, subd. 2(1)(i). Appellants argue that the information sought must be relevant to an actual prosecution of a crime, that Skjervold is deceased and cannot be prosecuted and, therefore, that the criterion is not satisfied. The district court rejected appellants' argument, concluding that the information sought is clearly relevant to felony violations of law committed by Skjervold. We agree.
The statute does not explicitly require that the gross misdemeanor or felony be actually prosecuted. Had the legislature intended to require that the information sought be "clearly relevant" to a gross misdemeanor or felony that was "actually prosecuted," it could have provided such a requirement in the statute. But it did not. Thus, we conclude that the statute only requires that the specific information sought be "clearly relevant" to a gross misdemeanor or felony. Id.
Second, the statute requires that the specific information sought cannot be obtained by alternative means or remedies less destructive of First Amendment rights. Minn.Stat. § 595.024, subd. 2(2). The district court found that the information is only available through the Free Press reporter because Skjervold is dead and there are no phone company records available. On this record, the district court's finding is not clearly erroneous. Thus, the second criterion is also satisfied.
Third, the statute requires that there "is a compelling and overriding interest requiring the disclosure of the information where the disclosure is necessary to prevent injustice." Minn.Stat. § 595.024, subd. 2(3). Appellants suggest that the language of the statute is very broad and, therefore, susceptible of differing interpretations.
We agree that the language of the statute is broad, but we do not agree that it is ambiguous. We read the statute to require that the applicant establish "a compelling and overriding interest" requiring the disclosure of the information to prevent an "injustice." Id. What constitutes an "injustice" will depend upon the facts and circumstances of the particular case.
Respondent argued and the district court agreed that disclosure is necessary to fully understand the events leading up to Skjervold's suicide, and that doing so would prevent injustice. We disagree. The county attorney has the responsibility, among other things, to prosecute crimes and represent the county in civil matters. But the county attorney does not argue *690 that it needs the information for any official purpose, such as investigating potential charges against appellants or a law enforcement officer. See Minn.Stat. §§ 388.01-388.25 (2006). Essentially, the county attorney argues that it needs to conduct discovery to find an injustice, but declines to connect the discovery to a particular injustice. We conclude that the statute requires that the particular injustice be identified. Here, the county attorney has failed to do so and, therefore, the statute has not been satisfied.
Amici curiae argue that the act does not allow for any disclosure, including an incamera review by the district court, unless the applicant has satisfied the requirements of Minn.Stat. § 595.024, subd. 2. Because it is not necessary for us to reach the issue of whether an in-camera review by the district court is permissible under the statute, we decline to reach that issue.

DECISION
Because respondent did not establish by clear and convincing evidence that there is a compelling and overriding interest requiring disclosure to prevent an injustice, the district court erred in concluding that respondent satisfied the requirements of Minn.Stat. § 595.024, subd. 2 (2006).
Reversed.
NOTES
[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.